**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SANDRA V. WASHINGTON,
        Appellant,

      v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
CH-0752-14-0172-I-3

DATE: March 22, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Donna L. Drake</u>, Markham, Illinois, for the appellant.

<u>Maryl R. Rosen</u>, Esquire, St. Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction, finding, among other things, that she

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

failed to prove that the agency arbitrarily and capriciously denied her restoration as a former employee who had partially recovered from a compensable injury. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED (1) to clarify the basis for the conclusion that the Board lacks jurisdiction over this matter and (2) to vacate the administrative judge's analysis regarding the appellant's discrimination claim, we AFFIRM the initial decision.

## BACKGROUND

¶2    The appellant was a City Carrier at the Melrose Park, Illinois Post Office. *Washington v. U.S. Postal Service*, MSPB Docket No. CH-0752-14-0172-I-1, Initial Appeal File (IAF), Tab 12, pt. 1 at 112. She suffered a compensable injury on or about December 11, 2010, and she was continuously absent from duty for more than 1 year and on the periodic rolls of the Office of Workers' Compensation Programs (OWCP). *Id.*, pt. 2 at 93. In March 2012, the agency notified her that, because she had continued in this status for more than 12 months, it was processing an action to separate her based on her inability to perform. *Id.* at 104. On April 18, 2012, the appellant's doctor examined her and

completed paperwork clearing her to return to duty within certain restrictions. IAF, Tab 1 at 6, Tab 12, pt. 2 at 96-99. At the time, the agency was unable to find suitable work within her medical restrictions and separated her from service effective May 24, 2012, for inability to perform the essential functions of her position, pursuant to section 545.9 of the agency's Employee and Labor Relations Manual (ELM). IAF, Tab 12, pt. 1 at 110, 112, pt. 2 at 5-44, 93-94. After the separation, the appellant submitted additional medical information, and the agency conducted searches for work within her medical restrictions in July 2012. IAF, Tab 12, pt. 1 at 47, 49, 51-90.

¶3       By letter dated October 4, 2012, the appellant requested reinstatement with lifting restrictions, claiming that her physician had last examined her in August 2012. *Id.* at 45. By letter dated October 23, 2012, the agency acknowledged this latest request for reinstatement and instructed her to submit current medical documentation and/or a completed OWCP Duty Status Form addressing all of her physical limitations so that the agency could properly assess if work could be provided. *Id.* at 43. The record reflects that, by letter dated January 30, 2013, a Rehabilitation Specialist designated by OWCP sent an official at the Postal Service's Central District the results of a physical capacities evaluation conducted in November 2012. IAF, Tab 26, pt. 2 at 12-14 (Appellant's Exhibits (Exs.) D4-D6); Hearing Transcript (HT) at 200-04 (testimony of the appellant). The Rehabilitation Specialist's letter asked the agency to extend a suitable job offer to the appellant or advise of the inability to do so. IAF, Tab 26, pt. 2 at 12 (Appellant's Ex. D4). The record also contains a second letter, dated February 11, 2013, from the Rehabilitation Specialist to another official at the Postal Service's Central District, asking whether a suitable job offer could be made for the appellant. *Id.* at 15 (Appellant's Ex. D7). Enclosed were a Work Capacity Evaluation Form and a Duty Status Form describing the appellant's medical restrictions, apparently executed by a

physician on January 10, 2013, and July 16, 2012, respectively. *Id.* at 16-17 (Appellant's Exs. D8-D9).

¶4    On December 13, 2013, the appellant filed this appeal, alleging that the agency had failed to restore her to duty as a partially recovered employee under 5 C.F.R. part 353, following her request for restoration to duty on April 18, 2012. IAF, Tab 1 at 3, 6. The appellant later stipulated that she was withdrawing the issue of her April 18, 2012 pre-separation request for restoration and basing her appeal only on her request for restoration made post-separation on October 4, 2012. HT at 5-6 (statements of the appellant and her representative). After the appeal was filed, the appellant provided multiple updates on her medical condition, and the agency produced evidence that it conducted multiple searches for available work within her medical restrictions within a 50-mile radius of her home office, including searches on January 10, September 12, September 24, October 24, and October 28, 2014. IAF, Tab 25 (Agency Ex. 1), Tab 36 (Agency Exs. 16-19).[3]

¶5    After a hearing, the administrative judge issued an initial decision that found that the appellant failed to establish the Board's jurisdiction and dismissed the appeal. *Washington v. U.S. Postal Service*, MSPB Docket No. CH-0752-14-0172-I-3, Second Refiled Appeal File, Tab 12, Initial Decision (ID) at 1-2, 16-17. The administrative judge's conclusion was based largely on her findings that the appellant had failed to prove by preponderant evidence that the agency had acted arbitrarily and capriciously in denying her restoration after October 4, 2012. ID at 16-17. The administrative judge also found that the agency had performed adequate searches for available work within her medical restrictions and local commuting area, thus satisfying its obligations. *Id.*

---

[3] Agency Exhibit 19 appears to have been erroneously marked as Agency Exhibit 29. IAF, Tab 36.

¶6    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed an opposition to which the appellant has replied.  PFR File, Tabs 5-6.

## ANALYSIS

<u>The appellant has failed to make a nonfrivolous allegation that she has fully recovered from compensable injury.</u>

¶7    Pursuant to the Federal Employees' Compensation Act and the implementing regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 353, a Federal employee who suffers a compensable injury has certain rights to be restored to her previous position or a comparable position. *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 9 (2016).  Under OPM's regulations, restoration rights differ depending on the timing and extent of the employee's recovery, including whether she has fully recovered, partially recovered, or is physically disqualified.  *Id.*; 5 C.F.R. § 353.301.  On review, the appellant asserts that the administrative judge's "primary error" was applying the wrong law.  PFR File, Tab 1 at 5-6.  In particular, she claims that the administrative judge should have analyzed whether the agency fulfilled its obligations under authority such as 5 U.S.C. § 8151(b)(2), 5 C.F.R. § 330.204, and the ELM § 546.131.  *Id.* at 4-10.

¶8    We find that these authorities could only be relevant if the appellant had fully recovered or overcome a compensable injury.  5 U.S.C. § 8151(b)(2); 5 C.F.R. §§ 353.301(a), 353.304(b); IAF, Tab 12, pt. 2 at 83; *see* 5 C.F.R. § 353.102 (providing that fully recovered "means compensation payments have been terminated on the basis that the employee is able to perform all other duties of the position he or she left or an equivalent one").  We find that the appellant has not alleged any facts that could establish that she fully recovered or overcame her compensable injuries.  To the contrary, she testified that she continued to have medical restrictions on the type of work she could perform.  HT at 196-98 (testimony of the appellant).  Thus, to the extent that the appellant's petition for

review refers to the agency's restoration obligations toward fully recovered employees or former employees, we find her arguments do not demonstrate any material error in the initial decision.

<u>We agree with the administrative judge's conclusion that the appellant failed to establish that the agency arbitrarily and capriciously denied her restoration rights; however, we modify the initial decision to clarify the applicable legal standard.</u>

¶9      The appellant contends that the agency did not perform an adequate search for available work for her. PFR File, Tab 1 at 9. To this end, she argues that the type of work the agency searched for was incorrect, the agency failed to consider vacancies open to the public, including in the excepted service, and the agency has had "an overwhelming number of job opportunities" for her since 2012. *Id*. at 9-11. She also alleges that the agency failed to comport with ELM § 546.142(b) and an internal handbook. *Id*. at 8, 11.

¶10     The Board has jurisdiction to review whether an agency's denial of restoration to a partially recovered employee was arbitrary and capricious. *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1103-04 (Fed. Cir. 2011), *modified in part by regulation as stated in Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 10 (2016); 5 C.F.R. § 353.304(c). To establish jurisdiction over a restoration appeal as a partially recovered individual, the appellant must prove the following by preponderant evidence:[4] (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding

---

[4] Because the appellant filed her Board appeal prior to March 30, 2015, we apply the "preponderant evidence" standard rather than the current "nonfrivolous allegation" standard. *See Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 5 n.2 (2016) (explaining that the Board adopted a nonfrivolous allegation standard for restoration appeals by regulation effective March 30, 2015), *aff'd per curiam*, 679 F. App'x 1006 (Fed. Cir. 2017), *and overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20 n.11. Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious. *Bledsoe*, 659 F.3d at 1104; *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012), *overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶¶ 20-21. The appellant meets the first three jurisdictional criteria;[5] thus, the dispositive inquiry here is whether the appellant showed that the denial of her restoration request was arbitrary and capricious.

¶11      After the administrative judge issued her initial decision, the Board issued a decision clarifying the fourth jurisdictional criterion in partial restoration appeals. *Cronin*, 2022 MSPB 13.[6] In *Cronin*, the Board found that a denial of restoration is arbitrary and capricious if—and only if—the agency failed to meet its obligations under 5 C.F.R. § 353.301(d). *Id.*, ¶ 20. The Board explicitly overruled *Latham* and its progeny to the extent such precedent held that a denial of restoration may be arbitrary and capricious based on an agency's failure to comply with its self-imposed restoration obligations, such as those provided in the agency's ELM. *Id.* Accordingly, under *Cronin*, the Board's sole inquiry in an appeal alleging an arbitrary and capricious denial of restoration to a partially recovered employee is whether the agency complied with its obligation under 5 C.F.R. § 353.301(d) to search within the local commuting area for vacant positions to which it can restore the employee and to consider her for any such vacancies. *Id.*

---

[5] To the extent the appellant argues on review that the administrative judge erroneously concluded that she was not "denied" restoration, we find no material error. PFR File, Tab 1 at 14-15. For purposes of our decision, we assume that she was denied restoration, but, for the reasons set forth in this order, we find that she failed to establish that the agency acted arbitrarily and capriciously.

[6] Because the Board issued *Cronin* while this appeal was pending, it is given retroactive effect and applies to this appeal. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 18 n.8.

¶12    Applying that standard here, we find that the appellant has failed to show by preponderant evidence that the agency's denial of restoration was arbitrary and capricious. Indeed, the appellant's unsupported, conclusory assertions that the agency failed to sufficiently search for a vacant position, PFR File, Tab 1 at 9-11, do not provide a basis to disturb the initial decision, *see Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 8 (2016) (explaining that vague, conclusory, or unsupported allegations do not satisfy the less stringent "nonfrivolous allegation" standard), *aff'd per curiam*, 679 F. App'x 1006 (Fed. Cir. 2017), *and overruled on other grounds by Cronin*, 2022 MSPB 13, ¶ 20 n.11.[7] As set forth in the initial decision, the appellant did not (1) identify a vacant funded position that she could perform within her restrictions; (2) demonstrate that the agency did not search the commuting area for vacant positions; (3) produce evidence that the agency's claim that there were no vacant positions was untrue; or (4) identify any available work within her medical restrictions. ID at 16-17. To the extent the appellant contends that the agency violated either its ELM or an internal handbook, PFR File, Tab 1 at 8, 11, her contentions are necessarily unavailing insofar as the agency's failure to comply with its self-imposed obligations cannot itself constitute a violation of 5 C.F.R. § 353.301(d) such that a resulting denial of restoration would be rendered arbitrary and capricious for purposes of establishing Board jurisdiction under 5 C.F.R. § 353.304(c), *see Cronin*, 2022 MSPB 13, ¶ 20. Thus, a different outcome is not warranted.

---

[7] The record shows that the agency's first searches for available work after the appellant's October 4, 2012 request for reinstatement were conducted on or about January 10, 2014, based on medical information dated January 23, 2013. IAF, Tab 25 (Agency Ex. 1). A delay in responding to a restoration request may in some circumstances be considered an arbitrary and capricious denial of restoration. *See, e.g.*, *Johnson v. U.S. Postal Service*, 114 M.S.P.R. 374, ¶ 12 (2010). However, the appellant has not raised any such argument on review, and it does not appear that the record below was developed concerning such a claim. Accordingly, we do not reach any such issue in this decision. *See* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review.").

The administrative judge applied the correct burden of proof.

¶13    The appellant argues that the administrative judge misassigned the burden of proof when she stated that the appellant failed to identify a vacant funded position that she could perform within her medical restrictions, show by preponderant evidence that the agency failed to search the entire commuting area for vacant positions, produce preponderant evidence that the agency's claim that there were no vacant positions available was in some way untrue, or alternatively that the agency had work available within her medical restrictions.  PFR File, Tab 1 at 11-12; ID at 16-17.  We find, however, that the appellant—and not the agency—properly bore the burden of proof on this issue.  *See Bledsoe*, 659 F.3d at 1105 (upholding the dismissal of a partial recovery restoration appeal for lack of jurisdiction, when, among other things, the individual "did not identify any vacant position which was available within her commuting area and which she was able to perform").

We vacate the administrative judge's analysis of the appellant's disability discrimination claim.

¶14    The appellant reasserts that the agency denied her rights under the Rehabilitation Act.  PFR File, Tab 1 at 13-14, Tab 6 at 6, 11.  To this end, she avers that the agency "regarded" her as disabled and should have reinstated her to a position.  PFR File, Tab 1 at 13-14.  In her initial decision, the administrative judge stated that discriminatory or retaliatory action could establish arbitrariness or capriciousness as relevant to the jurisdictional issue, ID at 4; however, she concluded the appellant had not shown that the agency's alleged action was arbitrary and capricious based on such grounds, ID at 17.

¶15    In *Cronin*, the Board clarified that claims of prohibited discrimination or reprisal cannot serve as an "alternative means" of showing that a denial of restoration was arbitrary and capricious.  *Cronin*, 2022 MSPB 13, ¶ 21.  The Board acknowledged that an agency's failure to comply with section 353.301(d) may well be the result of prohibited discrimination or reprisal for protected

activity; however, whether that is so is immaterial to the question of whether a denial of restoration is arbitrary and capricious for purposes of section 353.304(c). *Id.* Thus, we vacate the administrative judge's analysis of the appellant's claim of disability discrimination insofar as it is not material to the jurisdictional issue.[8] ID at 4-8, 17.

<u>The appellant's assertions regarding bias do not warrant a different outcome.</u>

¶16    Finally, the appellant asserts that the administrative judge showed bias and abused her discretion by not allowing her to base her appeal on her April 18, 2012 attempt to return to work and subsequent separation. PFR File, Tab 1 at 6, 14. The appellant also asserts that the administrative judge showed bias by giving more weight to agency witnesses' testimony than she gave to her own testimony, and by commenting to the appellant's representative that an agency witness "seem[ed] sincere" when she testified that the agency had not denied the appellant reemployment. *Id.* at 14.

¶17    In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 19 (2016) (citing *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980)). Broad, general allegations of bias are insufficient to rebut the presumption of honesty and integrity. *Hawes v. Office of Personnel Management*, 122 M.S.P.R. 341, ¶ 4 (2015). Judicial comments that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases made during the course of a hearing ordinarily do not support a finding of bias or partiality. *Smets v.*

---

[8] In the absence of an otherwise appealable action, the Board lacks jurisdiction to consider the appellant's allegation of disability discrimination as an independent claim. *See Cronin*, 2022 MSPB 13, ¶ 22; *see also Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (holding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

*Department of the Navy*, [117 M.S.P.R. 164](#), ¶ 15 (2011) (citing *Liteky v. United States*, [510 U.S. 540](#), 555 (1994)), *aff'd per curiam*, 498 F. App'x 1 (Fed. Cir. 2012). The mere fact that the administrative judge rules against a party likewise does not establish bias. *Thompson v. Department of the Army*, [122 M.S.P.R. 372](#), ¶ 29 (2015). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, [287 F.3d 1358](#), 1362-63 (Fed. Cir. 2002) (quoting *Liteky*, 510 U.S. at 555).

¶18      As for the appellant's argument regarding her April 18, 2012 attempt to return to work, she asserted that the administrative judge failed to include in the initial decision any mention of her ruling against the appellant regarding inclusion of the administrative separation that followed her attempt to return to work. PFR File, Tab 1 at 6, Tab 6 at 11-12. The record shows, however, that the appeal was initially docketed as a chapter 75 removal appeal on December 13, 2013. IAF, Tab 2. As such, it appears to have been untimely filed, as her administrative separation was effective May 24, 2012. IAF, Tab 12, pt. 1 at 112. The administrative judge issued an Order on Timeliness. IAF, Tab 4. In responding to that order, the appellant explained the nature of her appeal, IAF, Tab 6, and the administrative judge subsequently processed it as a timely filed restoration claim, *Washington v. U.S. Postal Service*, MSPB Docket No. CH-0752-14-0172-I-2, Refiled Appeal File, Tab 4. The appellant has not shown that the administrative judge abused her discretion by omitting this procedural explanation from the initial decision or that she demonstrated bias. In any event, the appellant herself stipulated that the October 4, 2012 request for restoration was the only issue before the Board. HT at 5-6 (statements of the appellant and her representative).

¶19      As for the administrative judge's crediting of other witnesses' testimony over that of the appellant, the administrative judge's role is as the Board's

delegated finder of fact, which includes making credibility findings regarding witness testimony. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1298-1302 (Fed. Cir. 2002). We have examined the record and find no improprieties, including the administrative judge's alleged comment about the testimony of one agency witness. The purported improprieties taken individually or as a whole do not overcome the presumption of honesty and integrity that accompanies administrative adjudicators or evidence a deep-seated favoritism toward the agency.

¶20      Accordingly, having considered the appellant's arguments on review, we affirm as modified the initial decision, still dismissing the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: _____/s/ for_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.